## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN ANTONIO EVANS** | : |
| | : |
| Plaintiff, | : |
| | : **Case No. 1:08-cv-01629-RMC** |
| **v.** | : |
| | : |
| **WASHINGTON METROPOLITAN** | : |
| **AREA TRANSIT AUTHORITY** | : |
| | : |
| Defendant. | : |
| | : |

## JOINT PRETRIAL STATEMENT

Plaintiff, John Antonio Evans, and the defendant, Washington Area Transit Authority ("WMATA"), pursuant to Local Rule 16.5 and this Court's Order for Joint Pretrial Statement dated April 2, 2009, provide the following Joint Pretrial Statement:

**I.      Statement of the Case:**

Plaintiff John Antonio Evans claims that he sustained injuries and damages on January 4, 2007 when he was struck by a Metro bus operated by Hamilton Plummer on southbound Martin Luther King, Jr. Avenue, S.E. at or near the entrance to the Unified Communication offices located at 2720 Martin Luther King, Jr. Avenue, S.E., Washington, D.C.  Plaintiff claims that the Defendant WMATA's bus operator was negligent.  Defendant WMATA denies that its bus operator was negligent and/or, in the alternative, that the plaintiff was contributorily negligent and/or the sole cause of his injuries and/or assumed the risk of his injuries.

This Court's jurisdiction is based on Section 81 of the WMATA Compact at 80 Stat. 1350, Pub. L. 89-774 (November 6, 1966) codified D.C. Code §9-1107.1 (81) (2008) ("The United States District Courts shall have original jurisdiction . . . of all actions brought by or against the Authority . . . .")

II.    **Statement of Claims**:

Plaintiff alleges that WMATA's bus operator was negligent in the operation of the bus and was the proximate cause of the plaintiff sustaining injury.  Plaintiff alleges that the bus operator failed to keep a proper lookout, failed to identify hazards in the roadway, failed to stop the bus's movement to avoid colliding with the plaintiff, failed to keep the bus clear of the plaintiff, and failed to operate the bus safely for the traffic conditions, including operating the bus at a speed which was unsafe for the conditions.  In addition, if the jury finds that the plaintiff was contributorily negligent, plaintiff's claims that the WMATA bus operator had the last clear chance to avoid the accident.

III.   **Statement of Defenses**:

1.      Defendant WMATA's bus operator, Hamilton Plummer, was acting in the course and scope of his employment at the time of the occurrence.

2.      Defendant WMATA denies that the incident occurred as described by the plaintiff.

3.      Defendant WMATA denies that its bus operator was negligent and/or that such negligence, if any, was a proximate cause of plaintiff's claimed injuries and damages.

4.      There is no evidence which shows that defendant WMATA's bus operator would have been able to avoid running over the plaintiff.

5.    Plaintiff is guilty of contributory negligence and/or the sole cause of his injuries and damages and/or assumed the risk.  Plaintiff violated the following traffic regulations:
18 DCMR Vehicles and Traffic §2200.4 (In every event speed shall be so controlled as may be necessary to avoid colliding with any  vehicle on the street or highway in compliance with legal

requirements and the duty of all persons to use due care.); 18 DCMR <u>Vehicles and Traffic</u> §2201.9 (The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the roadway.); 18 DCMR <u>Vehicles and Traffic</u> §2213.4 (An operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle.); <u>See</u> <u>Fisher v. Best</u>, 661 A.2d 1095, 1099 (D.C. 1995); <u>Gebremdhin v. Avis Rent-A-Car Sys., Inc.</u>, 689 A.2d 1202, 1204 (D.C. 1997); <u>Warrick v. Walker</u>, 814 A.2d 932, 933 (D.C. 2003); <u>Nugent v. Curry</u>, 908 F. Supp. 309, 312-313 (D. Md. 1995) (applying District of Columbia law).  In addition thereto, plaintiff violated 18 DCMR <u>Vehicles and Traffic</u> §2201.6(a) (A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained.);18 DCMR <u>Vehicles and Traffic</u> §2202 (rules governing overtaking and passing motor vehicles).

6.    The doctrine of last clear chance does not apply to the facts and circumstances of this case.

7.    There is no evidence of spoliation of the bus' DVR.

8.    Defendant WMATA denies that the plaintiff was injured and/or damaged to the extent alleged and therefore demand strict proof thereof.

9.    Plaintiff failed to mitigate his damages.

10.    Defendant WMATA reserves the right to assert all matters, facts and defenses alleged in its Answer to Plaintiffs' Complaint, Defendant's Answers to Plaintiffs' Interrogatories and Response to Request for Production of Documents and deposition testimony of the parties.

**IV.**     **Witnesses:**

Plaintiff's Witnesses:

Daysha Smith

3713 4th St., S.E.

Unit E

Washington, DC 20032

Description of Testimony:  This witness was an eye witness to the accident and will be called to testify that she saw the motorcycle strike a car and the motorcyclist fall into the street.  After some lapse of time, she saw the bus run over the plaintiff.

Estimated Length of Testimony: 1-2 hours


Niaya White

2600 Keating Street, Unit #219

Temple Hills, Maryland

Description of Testimony:  This witness was an eye witness to the accident will be called to testify that the bus ran over the plaintiff and the time and opportunity the bus had to avoid striking the plaintiff.

Estimated Length of Testimony: 1-2 hours


Officer Gerald Huff

Metropolitan Police Officer, Badge No. 4216

221 Minnesota Avenue, S.E.

Washington, D.C. 20032

Description of Testimony: This witness reported to the scene.  He will testify to his observations, efforts to locate the bus operator, statements made by the bus operator, and he will identify photographs of the scene.

Expected Length of Testimony: 1 hr


Officer Janine Leftwich

Metropolitan Police Officer, Badge #4047

Youth Investigation Division

1700 Rhode Island Avenue

Washington, DC.

Description of Testimony: This witness will testify that she reported to the scene and took photographs of the scene and vehicles involved. She reported to Prince George's Hospital and took photographs of the plaintiff. She will testify to the authenticity of the photographs and her contact with the parties involved.

Expected Length of Testimony: .75 hr

Vincent Fong

12715 Buckhardt Court

Clinton, Maryland 20735

Description of Testimony: This witness can testify that plaintiff's motorcycle hit the rear of his vehicle.  He can further testify that he saw the bus run over the plaintiff.  He will testify to amount of time that elapsed before the bus ran over the plaintiff and the speed of the bus.

Estimated Length of Testimony: 2 hours.  (If Mr. Fong is presently unavailable, his deposition will be presented by video.)

Stacey M. Huggins

3046 Stanton Road, S.E.

#304

Washington, D.C. 20020

Description of Testimony: This witness may be called by the plaintiff.  She was an eye witness to the accident and can testify that the bus was stopped at the bus stop when plaintiff's motorcycle struck the Fong vehicle.

Expected Length of Testimony: 2 hours

John Anthony Evans

1504 Brooke Road

Capitol Heights, Maryland 20743

Description of Testimony: This witness is the plaintiff.  He will testify to his memory of the events on the day of the accident, the injuries he sustained, the medical treatment he received, pain and suffering he has endured, his medical bills, and the permanency of the injury.

Expected Length of Testimony: 2 hours

John Evans, Sr.

1941 Emerson St.

Arlington, Virginia

Description of Testimony: This witness is the plaintiff's father.  He can testify that the plaintiff was in good health before the accident and that the accident has been life-altering.  He saw his son frequently after the accident and can testify to the plaintiff's pain and suffering. He will testify that he hopes to work as a barber but that his ability to stand for long periods is retricted.

Expected Length of Testimony: 1.5 hr

Laurine Evans

1941 Emerson St.

Arlington, Virginia

Description of Testimony: Possible rebuttal witness.

Expected Length of Testimony: .5 hr

Hamilton Plummer

9414 Surratts Manor Drive

Clinton, Maryland

Description of Testimony: Bus operator.  He will be called to testify that the DVR recording system was functioning on the day of the accident.  He may also be called is expected to testify about the facts of the accident.

Expected length of testimony: 1-2 hrs.

Richard Ray

Metro Transit Police

Washington, D.C.

Description of Testimony: He will testify about the bus mounted digital video recorder (DVR), where each camera is mounted and the view, that one view shows the front of the bus, that he was unable to retrieve footage from the camera, and that in his experience in retrieving footage one out of every three cameras are not working properly.  This testimony was elicited in a Rule 30(b)(6) deposition and will be introduced by deposition testimony.

Expected Length of Testimony: .75 hr

Brajendra N. Misra, M.D.*

7229 Hanover Parkway, Suite A

Greenbelt, Maryland 20770

Description of Testimony:  This witness is medical doctor specializing in trauma surgery.  He treated plaintiff during his stay at Prince George's Hospital from January 4, 2007 through January 19, 2007.  He will testify to the extensive degloving injuries to the plaintiff's left lower extremity, right leg, perineum, buttocks and scrotum, and the fracture of the left fibula.  He will further testify to the surgery and treatment rendered to the plaintiff including the multiple debridements, and colostomy.  He will testify that the patient was transferred to Washington Hospital Center based upon the complexity of the plaintiff's wounds.  He will also testify that he performed a reversal of the plaintiff's colostomy at Prince George's Hospital on May 26, 2009.

Estimated Length of Testimony: 1-2 hours

James C. Jeng, M.D.*

Washington Hospital Center

110 Irving Street, N.W.

Room 3B-55

Washington, D.C.

Description of Testimony: Dr. Jeng is a treating doctor who will testify to the plaintiff's

injuries and treatment including multiple skin grafts.

Expected length of testimony: 1-2 hours.

Bradley Lamm, D.P.M.*

Rubin Institute for Advanced Orthopaedics

2401 W. Belevedere Avenue

Baltimore, Maryland 21215

Description of Testimony: This is a treating podiatrist who diagnosed equinovarus deformity of the left ankle resulting from injuries sustained in the accident.  He also diagnosed entrapment of the posterior tibial nerve and medial plantar lateral nerves.  Dr. Lamm performed surgeries to correct these conditions.  He will testify to all aspect of the treatment to correct the plaintiff's equinovarus deformity.

Expected Length of Testimony: 1.5 hrs.

David Stopper*

6200 Evergreen Mountain Road

Broadrun, Virginia 20137

Description of Testimony: Mr. Stopper is expected to testify to the layout of the scene,  identify aerial views, and render opinions which have been disclosed in
     his

 report, his deposition and examination at a Daubert hearing.

Expected Length of Testimony: 2-3 hours


Stephen Wills, M.D.*

300 S. Harrision St.

Easton, Maryland 21601

Description of Testimony: Dr. Wills is a doctor who will testify concerning that plaintiff has complex regional pain syndrom, disability and restrictions of of the left knee, left foot and ankle as well as sexual dysfunction by history; he will testify to plaintiff's future need for pain  pain medication, physical therapy, doctor's visits, and psychological counseling.

Length of Testimony: 2 hours.


Estelle Davis*

5052 Dorsey Hall Drive, Suite 102

Ellicott City, Maryland 21042

Description of Testimony: This witness is a rehabilitation counselor who will testify to the plaintiff's employability and earning capacity.

Expected Length of Testimony: 2 hours.


Richard Lurito, Phd*

1491 Chain Bridge Road, Suite 300

McLean, Virginia 22101

Description of Testimony: Dr. Lurito is an economist who will testify to the amount of income loss and future medical bills as reduced to present value.

Expected Length of Testimony: 1 hour


Anthony Richardson

c/o WMATA

600 Fifth Street, N.W.

Washington, D.C. 20001

(Mr. Richardson may be called to authenticate written and recorded statements of witnesses.)

Length of Testimony: .25 min.

Defendant's Witnesses

    1.     Vincent D. Fong                  ½ hour

         (Fact Witness-Liability)

         12715 Buckhardt Court

         Clinton, MD 20735

         (Mr. Fong will testify that his Subaru was lawfully stopped in the roadway for approximately 30-45 seconds with his vehicle's left turn signal activated when his vehicle was struck in the rear by plaintiff's motorcycle. He will also testify that plaintiff appeared in the roadway approximately two feet in front of his vehicle's right front bumper.  He will testify that passing of the bus and impact with plaintiff occurred within 2-3 seconds and that he observed the plaintiff in between the bus's left front tires and the bus's left rear tires.)

    2.     Stacey M. Huggins                ½ hour

         (Fact Witness-Liability)

         3046 Stanton Road, S.E., #304

         Washington, D.C. 20020

         (Ms. Huggins was operating her motor vehicle on the roadway at the time of the accident. She observed plaintiff's motorcycle weaving in-and-out of traffic.  She was driving her car behind plaintiff's motorcycle when she observed the plaintiff attempt to drive his motorcycle between the Fong motor vehicle stopped in the left lane and the bus in the right lane.  She will testify that he plaintiff was unable to steer his motor vehicle into the right lane and rear-ended the Fong motor vehicle in the left lane. Furthermore, Ms. Huggins will testify that plaintiff flipped over the motorcycle and went up underneath the bus between the left front tires and the left rear tires.  She will testify that the time between the rear-end collision and when plaintiff was run over by the bus' left-side rear tires was very quick.)

    3.     Shirley Conner                   ½ hour

(Fact Witness-Liability)

121 Galveston Street, S.W., #101

Washington, D.C. 20032

(Ms. Conner was a passenger on the Metro bus seated on the right side in front of the bus.  She will testify that she heard a sound indicative of a collision emanate from outside and behind the bus on the left side.  She will also testify that she did not see anyone or anything in the roadway in front of the bus.

4.      Hamilton Plummer                          1.0 hour

(Fact Witness-Bus Operator)

9414 Surratts Manor Drive

Clinton, MD

(Mr. Plummer was the Metro bus operator. He will testify that as he passed the stopped Fong motor vehicle at about 15-20 mph he heard a sound indicative of a collision emanate from outside and behind the bus on the left side. When he looked into his left-side rear view mirror he observed the Fong motor vehicle and motorcycle in the roadway behind the bus.  Mr. Plummer did not observe anyone or anything in the roadway in front of the bus.)

5.      Lucious H. Rucker                          ½ hour

(Fact Witness-Liability)

Street Supervisor

c/o WMATA

600 Fifth Street, N.W.

Washington, D.C. 20001

(Mr. Rucker was the WMATA Street Supervisor who investigated the accident for WMATA.  He will testify as to his observations of the bus and accident scene.)

6.      Jason C. Williams (Badge #419)          ½ hour

(Fact Witness-Liability)

Metro Transit Police Department

c/o WMATA

600 Fifth Street, N.W.

Washington, D.C. 20001

(Mr. Williams was the WMATA Street Supervisor who investigated the accident for Metro Transit Police department.  He will testify as to his observations of the bus and accident scene.)

7.    David P. Plant, P.E.*                         1 ½  hours

(Expert Witness-Liability)

D.P. Plant & Associates

1722 V Street, N.W.

Washington, D. C. 20009

(Mr. Plant is an accident reconstructionist.  He will testify regarding his investigations, measurements, research, calculations, findings, opinions and conclusions as set forth in his reports dated May 8, 2009 and May 28, 2009, including but not limited to that the front of the bus was close to or south of the rear of the stopped Subaru [Mr. Fongs motor vehicle] when the motorcycle collided with the rear of the Subaru and plaintiff was thrown into the right lane between the left-side front tires and the left-side rear tires and that there is no evidence to show that defendant WMATA's bus operator would have been able to avoid running over the plaintiff.)

8.    Richard C. Ray*                               ½ hour

(Bus' DVR)

Metro Transit Police Department

c/o WMATA

600 Fifth Street, N.W.

Washington, D.C. 20001

(Mr. Ray was the Metro Transit Police Officer who pulled the DVR from the bus.  He will testify that there was a problem with the DVR such that its last recording was approximately three weeks before the accident.)

9.    Alan Nabb*                                    ½ hour

(Bus' DVR)

Assistant General Superintendent,

ATC  Communications

c/o WMATA

600 Fifth Street, N.W.

Washington, D.C. 20001

(Mr. Nabb will testify regarding the policies and procedures,  installation, maintenance and repair of the bus' DVR system.)

10.     James Huff (Badge #4216)                    ½ hour

Metropolitan Police Department

Seventh District

Washington, D.C.

(Metropolitan Police Officer Huff investigated the accident and he will testify about his observations of the accident scene.)

11.     John Evans                                         ½ hour

(Plaintiff)

9614 Dalmatia Drive

Clinton, Md 20735

(Mr. Evans will testify that he has no memory of this accident.  Mr. Evans will also testify about his injuries and damages and how he came about having the surgery performed by Bradley Lamn, D.P.M.  Mr. Evans will also testify that he has returned to work as a barber.)

12.     Daysha Odessa Smith                         ½ hour

(Fact Witness-Liability)

3713 4th Street, S.E., Unit E

Washington, D.C. 20032

(Ms. Smith was a pedestrian who claims to have witnessed the accident. She will testify that plaintiff was conversant after the accident.)

13.     Niaya White                                       ½ hour

(Fact Witness-Liability)

3984 Pennsylvania Avenue, S.E., #202

Washington, D.C. 20020

(Ms. White was a pedestrian who claims to have witnessed the accident. She will testify that plaintiff was conversant after the accident.)

14.    Edward G. Magur, M.D.*                    1.0 hour
       (Expert Witness- Damages)
       Washington Orthopaedics & Sports Medicine
       2021 K Street, N.W., Suite 516
       Washington, D.C. 20006
       (Dr. Magur is an orthopaedic surgeon who specializes in foot and ankle
       injuries.  He will testify about his findings and conclusions  resulting from
       his Rule 35 orthopaedic examination of the plaintiff on September 16,
       2009 and review of the records.)

15.    Kathleen F. Sampeck, MA, CRC,  CLCP*    1.0 hour
       (Expert Witness-Damages)
       Capitol Case Management, Inc.
       2121 Eisenhower Avenue, Suite 200
       Alexandria, Virginia 22314
       (Ms. Sampeck is a Certified Rehabilitation Counselor.  She will testify about
       her findings and conclusions following her interview of the plaintiff and
       review of the records.  She will testify that plaintiff had returned to work as
       a barber and that he  wants to work as a barber She will opine that plaintiff
       can work as a barber with the assistance of orthopaedic applainces/devices
       such as a standing wheelchair.)

16.    Thomas C. Borzilleri, Ph.D.*                    ½ hour
       (Expert Witness-Damages)
       One Democracy Plaza
       6701 Democracy Blvd., Suite 300
       Bethesda, Maryland 20817
       (Dr. Borzilleri is an economist, who will testify about plaintiff's future
       expenses based upon his review of the records, particularly the reports of Dr.
       Magur and Ms. Sampeck.  He will testify that plaintiff will not have future
       loss of earnings based on the report of Ms. Sampeck who opined that plaintiff
       may return to work as a barber with the assistance of a standing wheelchair.)

**Plaintiff's objections to Witnesses:**

      <u>David P. Plant.</u>  Plaintiff objects to the opinion of Mr. Plant in so far as he concluded that "the front of the bus was to or past (i.e., south of) the rear of the stopped Suburu" when the plaintiff's motorcycle struck the Suburu. This opinion is not scientific but founded solely upon  Mr. Plant's non-scientific speculation from the accounts of Stacey Huggins, the bus operator and Shirley Connor, a passenger on the bus.


**<u>Defendant's objections to plaintiff's witnesses</u>**:


      <u>Metropolitan Police Officer James Huff and Metropolitan Police Officer Janine Leftwich</u>: Defendant objects to any testimony by these police officers regarding their opinions and conclusions on how the accident happened, who is at fault for the accident and the issuance of any citations.  Defendant has no objection to the police officers testifying about their observations.


      <u>Vincent Fong's Deposition</u>: Defendant objects to the use of Mr. Fong's deposition.  Mr. Fong is a non-party fact witness. Fed. R. Civ. P. 32(a)(4) requires that this Court make a finding of the witness' unavailability under Rule 32(a)(4)(A)-(E) before his deposition may be used at trial.  A statement that he is unavailable is insufficient.


      <u>Brajendra N. Misra, M.D.</u>:  Defendant objects to any testimony by Dr. Misra that is not encompassed in the hospital reports which bear  his name, particularly regarding plaintiff's prognosis, disability and/or impairment assessment, future treatment/surgery and the costs thereof.  Defendant has been provided only the hospital records which contain Dr. Misra reports.  Defendant has not been provided individual reports of this treating physician.


      <u>James C. Jeng, M.D</u>:  Defendant objects to any testimony by Dr. Jeng that is not encompassed in the hospital reports which bear  his name, particularly regarding plaintiff's prognosis, disability and/or impairment assessment, future treatment/surgery and the costs thereof.  Defendant has been provided only the hospital records which contain Dr. Jeng's reports.  Defendant has not been provided individual reports of this treating physician.


      <u>Bradley Lamn, D.P.M.</u>: Dr. Lamn has neither been identified as a treating physician or expert witness in plaintiff's Rule 26(a) disclosures or discovery responses.  Defendant has only been provided the Sinai Hospital of Baltimore records of Dr. Lamn's operative reports and clinic notes for the period of February 4, 2009 to October 6, 2009.  (The last report dated October 6, 2009 was just provided on December 15, 2009.) Defendant has been advised that plaintiff underwent surgery on December 14, 2009; but a report of such has not been provided.  Defendant objects to any testimony by Dr. Lamn that is not encompassed in the reports which bear his name, particularly regarding plaintiff's prognosis, disability and/or

impairment assessment, future treatment/surgery and the costs thereof.   Defendant has filed a Second Motion In Limine regarding the testimony of Dr. Lamn.

<u>Stephen Wills, M.D.</u>:   Dr. Wills is a physiatrist.   Defendant objects to his earlier opinion as an expert witness on the issue of plaintiff physical injuries, future treatment, surgeries and the costs thereof on the basis  that they are irrelevant.   Plaintiff has undergone the treatment and the costs thereof are fixed.   Furthermore, defendant objects to the testimony that plaintiff requires counseling or psychological/psychiatric treatment on the basis that such testimony is beyond the expertise of Dr. Wills and that there is no evidence that plaintiff was and/or has been diagnosed has having sustained a traumatic brain injury or that he has been tested, diagnosed or treated by a psychologist, neuropsychologist or psychiatrist.   Therefore, Dr. Wills lacks the expertise and factual basis to render such opinions.   Defendant has filed a [First] Motion In Limine regarding the testimony of Dr. Wills.

Defendant also objects to any testimony and opinions of Dr. Wills  regarding his examination of the plaintiff on December 17, 2009 and contained in his report of the same date.   Defendant is severely prejudiced by this report in that defendant will not be able to conduct adequate discovery of this report and submit it to defendant's expert witnesses.   Defendant requests a continuance of the trial should Dr. Wills opinions as contained in his report dated December 17, 2009 will be permitted at the trial of this case.

<u>Estelle Davis, Ph.D</u>:   Defendant objects to the opinions of Dr. Davis for the reasons cited in defendant's [First] Motion In Limine filed on December 11, 2009 (CM/ECF Document #46).   Dr. Davis' opinions pre-date plaintiff's left-foot surgeries and lack the post-left foot surgery medical history/foundation, including Dr. Wills' report dated December 17, 2009.

<u>Richard Lurito, Ph.D.</u>:   Defendant objects to the opinions of Dr. Lurito for the reasons cited in defendant's [First] Motion In Limine filed on December 11, 2009 (CM/ECF Document #46).   Dr. Lurito' calculations are based on opinions that pre-date plaintiff's left-foot surgeries and lack the post-left foot surgery medical history/foundation, including Dr. Wills' report dated December 17, 2009.

<u>David Stopper</u>:     Mr. Stopper is an accident reconstructionist.   Defendant renews its objection to Mr. Stopper's opinions and conclusions cited in Defendant's Motion for Summary Judgment (CM/ECF Document #28); defendant's Reply to Plaintiff's Opposition to Defendant WMATA's Motion for Summary Judgment (CM/ECF Document #34) pp. 15-16; and defendant's Memorandum of Law on the Admissibility of the Expert Opinions of David Stopper filed on (CM/ECF Document #44), together with the argument of counsel at the <u>Daubert</u> hearing conducted of David Stopper on November 18, 2009. <u>Daubert v. Merrell</u>

Pharmaceuticals, Inc., 509 U.S. 579 (1993); General Electric Co. v. Joiner, 522 U.S. 136 (1997);  Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); and Fed. R. Evid. 702.

Defendant objects to Mr. Stopper performing calculations of time, distance and speed because these calculations involve simple mathematical formulas within the knowledge of the jury. Expert testimony, should not ordinarily extend to matters within the knowledge of the laymen.  Muldrow v. Re-Direct, Inc., 2005 U.S. Dist. LEXIS 41542 *3 (D.D.C. May 3, 2005) Where the jury is just as capable of drawing correct conclusions as the witness possessed with special training, expert testimony is unnecessary. Muldrow 2005 U.S. Dist. LEXIS at *4.

Furthermore, defendant objects to Mr. Stopper performing calculations at trial because, when deposed on June 29, 2009, Mr. Stopper had not perform any  pertinent calculations, *e.g.*, speed of bus, braking distances, perception/reaction times and the distance the bus traveled based on the bus' speed and the time lapse between the rear-end collision and the bus' tires rolling over the plaintiff and how far in front of the bus the plaintiff landed in the roadway. Deposition of David Stopper, June 29, 2009, Page 56, line 16-Page 57, line 7.

Additionally, defendant objects to Mr. Stopper testifying on the issue of the alleged spoliation of the bus' DVR in that he lacks the requisite expertise and that he did not test the DVR cameras,  particularly measurements of these cameras' fields of view and angles of view.  It would be unscientific, non-technologic and mere speculation to assert that, had the DVR been recording, the video footage would have depicted the plaintiff in front of the bus at a distance sufficient for the bus operator traveling at speed of about 15- 20 m.p.h. to have observed the plaintiff in the roadway and had time to stop the bus before impact.  *See* Daubert v. Merrell Pharmaceuticals, Inc., 509 U.S. 579 (1993); General Electric Co. v. Joyner, 522 U.S. 136 (1997); Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).

Defendant reserves the right to amend and/or supplement this list of witnesses.

Defendant WMATA reserves the right to call any witness, healthcare provider and/or expert witness listed by the plaintiff.

V.      **Exhibits:**

Plaintiff's Exhibits:

1.      Metropolitan Police Department Accident Report [redacted].

2.      Aerial photographic diagram to scale of accident scene prepared by David Stopper;

3.      Photographs of accident scene and plaintiff's injuries taken by MPD Officer Janine Leftwich.

      a)      Eleven (1) accident scene photographs (#s 3-11);

      b)      Five (5) photographs of Vincent Fong's car (#s12-16);

      c)      Three (3) photographs of the bus (#s 17-19);

      d)      Six (6) photographs of plaintiff's injuries taken in trauma room (#s 2-25).

26.     Three (3) photographs of motorcycle at storage lot (#s 26-28).

29.     Washington Metropolitan Area Transit Authority Metrobus Standard Operating Procedures.

30.     WMATA memorandum dated 06/13/05 for quarterly maintenance of DVR.

31.     WMATA work order dated January 19, 2007 finding lack of power to DVR on bus No. 2172.

32.     Recorded statement of Vincent Fong dated January 5, 2007.

33.     Medical Records of Prince George's Hospital regarding plaintiff's admission from 01/04/07 through 10/18/07.

34.     Medical Records of Washington Hospital Center regarding plaintiff's admission rom 01/19/07 through 05/17/07.

35.     Medical Records of National Rehabilitation Hospital regarding plaintiff's admission from 05/17/07 through 06/01/07.

36.     Medical Records of Prince George's Hospital (05/26/09 through 1/18/07).

37.     Bill of Prince George's Hospital dated 01/23/07, covering the period 01/04/07 through 01/18/07, in the amount of $85,808.31.

38.     Bill of Brajendra N. Misra, M.D., dated 07/01/09 in the amount of $35,375.00.

39.     Bill of PGHC Critical Care Associates dated 01/13/07 in the amount of $2,837.00 (provider James Catevenis, M.D.)

40.     Bill of Conrad Dawson (plastic surgeon) dated 07/09/07 in the amount of $1,975.00.

41-45.  Bills dated 11/09/07, 11/30/07, 12/01/07, 12/07/07, and 12/20/07 of Premier Radiology in the total amount $2,729.00.

46.     Bill of Washington Hospital Center dated, covering 01/19/07 through 05/17/07, in the amount of $533,942.99.

47.     Bill of James Jeng, M.D. in the amount of $67,681.00.

48.     Bills of Center Radiology in the amounts of $447.00.

49.     Bill of WHC anesthesiology dated 09/06/07 in the amount of $11,200.

50.     Bill of National Rehabilitation Center dated 06/15/07 in the amount of $31,213.27 (5-17-07 through 06/01/07).

51.     Bill of Accessible Physical Therapy dated 04/15/08 in the amount of $6,098.78.

52.     Bill of Prince George's Hospital dated 06/09/09 in the amount of $16,640.16 (surgery to reverse colostomy).

53.     Bill of Sinai Institute for Advanced Orthopaedics dated 12/14/09 in reference services of Bradley Lamm, DPM and Dr. Janet Conway, in the total amount of

$16,261.00(surgery and treatment to correct equinovarus deformity and nerve entrapment of left lower extremity and hyperossification of the left knee ).

54.     Bill of Sinai Hospital of Baltimore dated 12/16/09 covering hospital charges for the period February 26, 2009 through February 28, 2009.

55.     Bill of Sinai Hospital of Baltimore dated 12/16/09 covering hospital charges for the date of June 22, 2009 in the amount of $10,405.45.

56.      Bill of Sinai Hospital of Baltimore dated 12/16/09 covering hospital charges for the date of September 3, 2009 in the amount of $3,441.17.

57.     Bill of Sinai Hospital of Baltimore dated 12/16/09 covering hospital charges for the date of December 14, 2009 in the amount of $3,420.72.

58.     X-rays of plaintiff's left lower extremity showing equinovarus deformity.

<u>Defendant's Exhibits</u>:

1.      Enlarged diagram of the accident scene with lane markings, key landmarks, etc.
2.      Photographs of plaintiff's motorcycle.
3.      Tape of Stacy Huggins witness statement.
4.      Transcribed witness statement of Stacy Huggins.
5.      WMATA Accident Report (Hamilton Plummer).
6.      Street Supervisor Accident Report (Lucious Rucker).
7.      Metro Transit Police Report (Jason Williams).
8.      DVR Request (Richard Ray Deposition Exhibit).
9.      G.E. MobileView Polices and Procedures.
10.     Maintenance records of DVR.
11.     Reports of David Plant, P.E.
12.     Metropolitan Police photographs.
13.     WMATA [Street Supervisor] photographs.
14.     Photographs of David Plant, P.E (bus and accident scene).
15.     Aerial photographs of the accident scene.

16.     Scale drawing of accident scene by David Plant, P.E.

17.     Exhibits listed/contained in reports of David Plant, P.E.

18.     Scale drawing of WMATA bus by David Plant, P.E.

19.     Exhibit No. 1 from Deposition of Niaya White.

20.     Chart of stopping distances for the WMATA bus.

21.     Report and addendum of Edward Magur, M.D.

22.     Anatomical chart/model of lower extremity, foot/ankle.

23.     Report of Kathleen Sampeck, C.R.C.

24.     Photograph, schematic or model of standing wheel chair.

25.     Report of Thomas Borzilleri, Ph.D.

26.     Defendant reserves the right to add the depositions of any of the witnesses should he or she be deemed unavailable pursuant to Fed. R. Civ. P. 32(a)(4).


Defendant reserves the right to utilize any exhibit listed by the plaintiff

Defendant reserves the right to amend and/or supplement this list of exhibits.

**Plaintiff's objections to defendant's exhibits:**

Plaintiff objects to the reports of David Plant, Kathleen Sampeck and Thomas Borzilleri on the grounds of hearsay.

Plaintiff objects to the witness statement of Stacey Huggins as hearsay.

**Defendant's objections to plaintiff's exhibits:**

Defendant objects to the following exhibits (designated by number) as irrelevant: 31.

Defendant objects to the following exhibits on the basis of hearsay and cumulative: 1, 32- 36.  (Defendant does not stipulate to the authenticity of the following exhibits: 1).

Defendant objects to the following exhibits as irrelevant and/or standing alone do not represent the requisite legal standard of care: 29 (WMATA's Standard Operating Procedures)

Defendant objects to the following exhibits as lacking evidence of causation and/or foundation: 37-57.

Defendant objects to the following exhibits as not being provided with plaintiff's Rule 26(a) disclosures and/or discovery responses: 37, 39, 40, 41, 42, 43, 44, 45, 46 (bills total only $67,526.00), 48 and 50.

## VI.    **Deposition Designations:**

Plaintiff's Designations:

1.      Rule 30 (b)(6) deposition of Richard Ray.

Page/line

5/1 to 7/14
9/21 to 18/17

2.      Rule 30 (b)(6) deposition of Alan Nabb

6/8-21
7/18 to 8/3
9/20 to 10/18
25/18 to 26/20
28/21 to 29/20
31/4 to 32/7
37/20 to 38/10
39/15 to 44/5
48/5 to 49/18

3.      Plaintiff may introduce the following portions of the deposition of Vincent Fong by video:

Exam by Plaintiff's Counsel:

5/1 to 10/8

11/9 to 13/8

16/9 to 22/3

23/1 to 23/6

23/9-12

25/10 to 26/6

26/9 to 32/15

Exam by Defendant's Counsel:

50/8 to 51/6

53/3 to 53/18

56/2 to 58/21

Defendant Designations:

Deposition of Plaintiff John Antonio Evans, January 5, 2009: Page 70, line 4 - Page 71, line 8; Page  85, lines 4-15; Page 86, lines 1-7; Page 92, lines 9-12; Page 95, lines 10 - 16.

Plaintiff's Answers to Defendant's Interrogatory No. 3, 14 (¶ 1, only).

Cross-Designation of Deposition of Richard Ray, February 2, 2009: Page 21, line2-Page 22, line 18.  (Defendant made numerous objections during this deposition.  For example, on Page 18, lines 7-17, this witness was asked about the DVR malfunction rate, which is irrelevant to the issue of spoliation.)

Cross-Designation of Deposition of Alan Nabb: (Defendant made numerous objections during this deposition.  For example, Pages 25-32 and Pages 47-49,  this witness was asked about the lack of maintenance resulting from WMATA's lack of manpower and financial resources.  WMATA is immune from liability involving its decisions of resource and manpower allocations.  Moreover, this testimony is irrelevant to the issue of spoliation.)

Defendant objects to the use of Vincent Fong's deposition insofar as this non-party fact witness still resides at the address listed above unless the witness is deemed unavailable by the Court pursuant to Fed. R. Civ. P. 32(a)(4)(A)-(E).

Furthermore, should Mr. Fong be deemed unavailable, his whole deposition is read or shown to the jury except any objections made during the deposition and sustained by the Court.

## VII.  __Itemization of Damages:__

Past Medical Expenses

| | |
|---|---|
| Prince George's Hospital | $85,808.31 |
| Brajendra N. Misra, M.D. | $35,375.00 |
| PGHC Critical Care Associates | $ 2,837.00 |
| Conrad Dawson, M.D. | $ 1,975.00 |
| Premier Radiology | $ 2,729.00 |
| Washington Hospital Center | $533,942.99 |
| WHC Physicians | $67,681.00 |
| WHC Anesthesiology | $11,200.00 |
| Center Radiology | $447.00 |
| National Rehabilitation Center | $31,213.27 |
| Accessible Physical Therapy | $6,098.78 |
| Prince George's Hospital | $16,640.16 |
| Sinai Institute for Advanced Orthopaedics | $16,261.00 |
| Sinai Hospital of Baltimore | <u>$33,565.24</u> |
| Total | $810,398.75 |

B.    Future Medical Expenses

| | |
|---|---|
| Medications | $457,268.00 |
| Doctor's Visits | $25,272.00 |
| Physical Therapy | $143,075.00 |
| Psychological Counseling | $53,611.00 |
| Grab Bars | $165.00 |
| Walker | <u>$86.00</u> |
| Total | $679,477.00 |

C.    Lost Net Income                    $620,847.00

## VIII.   **Relief Requested:**

<u>Plaintiff's Requested Relief</u>:

Judgment for compensatory damages.

<u>Defendant's Requested Relief</u>:

Defendant WMATA requests that the case be dismissed and/or judgment entered in its favor plus an award of costs of these proceeding.

## IX.    **Proposed Voir Dire:**

See attached.

**X.**     **Proposed Jury Instructions:**

See attached.

**XI.**    **Expert Witnesses:**

Defendant's Expert Witnesses:

1.      David P. Plant, P.E.

        (Expert Witness-Liability)

        D.P. Plant & Associates

        1722 V Street, N.W.

        Washington, D. C. 20009

        (Mr. Plant is an accident reconstructionist.  He will testify regarding his
        investigations, measurements, research, calculations, findings, opinions and
        conclusions as set forth in his reports dated May 8, 2009 and May 28, 2009,
        including but not limited to that the front of the bus was close to or south of
        the rear of the stopped Subaru (Mr. Fongs motor vehicle) when the
        motorcycle collided with the rear of the Subaru and plaintiff was thrown into
        the right lane between the left-side front tires and the left-side rear tires and
        that there is no evidence to show that defendant WMATA's bus operator
        would have been able to avoid running over the plaintiff.)

2.      Richard C. Ray

        (Bus' DVR)

        Metro Transit Police Department

        c/o WMATA

        600 Fifth Street, N.W.

        Washington, D.C. 20001

3.      Alan Nabb

        (Bus' DVR)

        Assistant General Superintendent, ATC  Communications
        c/o WMATA

        600 Fifth Street, N.W.

Washington, D.C. 20001

(Mr. Ray and Mr. Nabbb will testify regarding their experience in tthe specifications, maintenance history, operation, inspection, maintenance and repair and the condition of WMATA Bus # 2172's digital video recorder [G.E. MobileView] at the time of the occurrence and that there was a problem retrieving the DVR footage such that the last recorded image was dated three weeks before the accident.)

 Edward G. Magur, M.D.*

(Expert Witness- Damages)

Washington Orthopaedics & Sports Medicine

2021 K Street, N.W., Suite 516

Washington, D.C. 20006

(Dr. Magur is an orthopaedic surgeon who specializes in foot and ankle injuries. He will testify about his findings and conclusions  resulting from his Rule 35 orthopaedic examination of the plaintiff on September 16, 2009 and review of the records.)

4.      Kathleen F. Sampeck, MA, CRC, CRP, CLCP*

(Expert Witness-Damages)

Capitol Case Management, Inc.

2121 Eisenhower Avenue, Suite 200

Alexandria, Virginia 22314

(Ms. Sampeck is a Certified Rehabilitation Counselor.  She will testify about her findings and conclusions following her interview of the plaintiff and review of the records.  She will testify that plaintiff had returned to work as a barber and that he  wants to work as a barber She will opine that plaintiff can work as a barber with the assistance of orthopaedic applainces/devices such as a standing wheelchair.)

5.      Thomas C. Borzilleri, Ph.D.*

(Expert Witness-Damages)

One Democracy Plaza

6701 Democracy Blvd., Suite 300

Bethesda, Maryland 20817

(Dr. Borzilleri is an economist, who will testify about plaintiff's future expenses based upon his review of the records, particularly the reports of Dr. Magur and Ms. Sampeck.  He will testify that plaintiff will not have future loss of earnings based on the report of Ms. Sampeck who opined that plaintiff may return to work as a barber with the assistance of a standing wheelchair.)

**Defendant WMATA's Objections to Plaintiff's Expert Witnesses:**

Brajendra N. Misra, M.D.:  Defendant objects to any testimony by Dr. Misra that is not encompassed in the hospital reports which bear his name, particularly regarding plaintiff's prognosis, disability and/or impairment assessment, future treatment/surgery and the costs thereof.  Defendant has been provided only the hospital records which contain Dr. Misra reports.  Defendant has not been provided individual reports of this treating physician.

James C. Jeng, M.D:  Defendant objects to any testimony by Dr. Jeng that is not encompassed in the hospital reports which bear his name, particularly regarding plaintiff's prognosis, disability and/or impairment assessment, future treatment/surgery and the costs thereof.  Defendant has been provided only the hospital records which contain Dr. Jeng's reports.  Defendant has not been provided individual reports of this treating physician.

Bradley Lamn, D.P.M.:  Dr. Lamn has neither been identified as a treating physician or expert witness in plaintiff's Rule 26(a) disclosures or discovery responses.  Defendant has only been provided the Sinai Hospital of Baltimore records of Dr. Lamn's operative reports and clinic notes for the period of February 4, 2009 to October 6, 2009.  (The last report dated October 6, 2009 was just provided on December 15, 2009.)  Defendant has been advised that plaintiff underwent surgery on December 14, 2009; but a report of such has not been provided.  Defendant objects to any testimony by Dr. Lamn that is not encompassed in the reports which bear his name, particularly regarding plaintiff's prognosis, disability and/or impairment assessment, future treatment/surgery and the costs thereof.  Defendant has filed a Second Motion In Limine regarding the testimony of Dr. Lamn.

Stephen Wills, M.D.:  Dr. Wills is a physiatrist.  Defendant objects to his earlier opinion as an expert witness on the issue of plaintiff physical injuries, future treatment, surgeries and the costs thereof on the basis  that they are irrelevant.  Plaintiff has undergone the treatment and the costs thereof are fixed.  Furthermore, defendant objects to the testimony that plaintiff requires counseling or psychological/psychiatric treatment on the basis that such testimony is beyond the expertise of Dr. Wills and that there is no evidence that plaintiff was and/or has been diagnosed has having sustained a traumatic brain injury or that he has been tested, diagnosed or treated by a psychologist, neuropsychologist or psychiatrist.  Therefore, Dr.

Wills lacks the expertise and factual basis to render such opinions.  Defendant has filed a [First] Motion In Limine regarding the testimony of Dr. Wills.

Defendant also objects to any testimony and opinions of Dr. Wills  regarding his examination of the plaintiff on December 17, 2009 and contained in his report of the same date.  Defendant is severely prejudiced by this report in that defendant will not be able to conduct adequate discovery of this report and submit it to defendant's expert witnesses. Defendant requests a continuance of the trial should Dr. Wills opinions as contained in his report dated December 17, 2009 will be permitted at the trial of this case.

Estelle Davis, Ph.D:   Defendant objects to the opinions of Dr. Davis for the reasons cited in defendant's [First] Motion In Limine filed on December 11, 2009 (CM/ECF Document #46).  Dr. Davis' opinions pre-date plaintiff's left-foot surgeries and lack the post-left foot surgery medical history/foundation, including Dr. Wills' report dated December 17, 2009.

Richard Lurito, Ph.D.:  Defendant objects to the opinions of Dr. Lurito for the reasons cited in defendant's [First] Motion In Limine filed on December 11, 2009 (CM/ECF Document #46).  Dr. Lurito' calculations are based on opinions that pre-date plaintiff's left-foot surgeries and lack the post-left foot surgery medical history/foundation, including Dr. Wills' report dated December 17, 2009.

David Stopper:   Mr. Stopper is an accident reconstructionist.  Defendant renews its objection to Mr. Stopper's opinions and conclusions cited in Defendant's Motion for Summary Judgment (CM/ECF Document #28); defendant's Reply to Plaintiff's Opposition to Defendant WMATA's Motion for Summary Judgment (CM/ECF Document #34) pp. 15-16; and defendant's Memorandum of Law on the Admissibility of the Expert Opinions of David Stopper filed on (CM/ECF Document #44), together with the argument of counsel at the Daubert hearing conducted of David Stopper on November 18, 2009.  Daubert v. Merrell Pharmaceuticals, Inc., 509 U.S. 579 (1993); General Electric Co. v. Joiner, 522 U.S. 136 (1997);  Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); and Fed. R. Evid. 702.

Defendant objects to Mr. Stopper performing calculations of time, distance and speed because these calculations involve simple mathematical formulas within the knowledge of the jury. Expert testimony, should not ordinarily extend to matters within the knowledge of the laymen.  Muldrow v. Re-Direct, Inc., 2005 U.S. Dist. LEXIS 41542 *3 (D.D.C. May 3, 2005) Where the jury is just as capable of drawing correct conclusions as the witness possessed with special training, expert testimony is unnecessary. Muldrow 2005 U.S. Dist. LEXIS at *4.

28

Furthermore, defendant objects to Mr. Stopper performing calculations at trial because, when deposed on June 29, 2009, Mr. Stopper had not perform any pertinent calculations, *e.g.*, speed of bus, braking distances, perception/reaction times and the distance the bus traveled based on the bus' speed and the time lapse between the rear-end collision and the bus' tires rolling over the plaintiff and how far in front of the bus the plaintiff landed in the roadway. Deposition of David Stopper, June 29, 2009, Page 56, line 16-Page 57, line 7.

Additionally, defendant objects to Mr. Stopper testifying on the issue of the alleged spoliation of the bus' DVR in that he lacks the requisite expertise and that he did not test the DVR cameras, particularly measurements of these cameras' fields of view and angles of view. It would be unscientific, non-technologic and mere speculation to assert that, had the DVR been recording, the video footage would have depicted the plaintiff in front of the bus at a distance sufficient for the bus operator traveling at speed of about 15- 20 m.p.h. to have observed the plaintiff in the roadway and had time to stop the bus before impact. *See* Daubert v. Merrell Pharmaceuticals, Inc., 509 U.S. 579 (1993); General Electric Co. v. Joyner, 522 U.S. 136 (1997); Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).


## XII.   **Motions In Limine**:


Defendant:


Defendant WMATA filed a Motion In Limine on December 11, 2009 (CM/ECF Document #46) which seeks the exclusion of (1) the expert witness testimony of David Stopper; (2) evidence and argument regarding spoliations; and, (3) the expert witness testimonies of Stephen Wills, M.D., Estelle Davis, Ph.D. and Richard Lurito, Ph.D.


Defendant WMATA filed a Second Motion In Limine on December 15, 2009 (CM/ECF Document # 47) which seeks the (1) the limitation of the testimony of Bradley Lamn, D.P. M. to the contents of his reports dated from February 4, 2009 to October 6, 2009; (2) exclusion of any expert testimony of Dr. Lamn; and, (3) the exclusion of medical bills not provided with plaintiff's Rule 26(a) disclosures and/or discovery responses.


Defendant objects to plaintiff's economic damages as itemized in **Section VII** for the reason stated in defendants Motions In Limine. In addition to not providing copies of all the medical bills, plaintiff for the first time in this case has provided an itemization of both his past and future medical expenses contrary to the requirements of supplementing his Rule 26(a) disclosures and discovery responses. It is unclear as to the source of the various amounts for future medical expenses as they are not contained in Dr. Wills report of December 17, 2009. If the sources of these future medical expenses are the reports of Dr. Wills, Dr. Davis and Dr. Lurito which pre-date the left-foot surgeries, these future medical expenses are irrelevant.

29

Defendant also objects to any testimony regarding examination, treatment and surgery performed by Janet Conway, M.D. insofar as the clinic notes dated November 3, 2009 and December 8, 2009 were produced on December 17, 2009.  Defendant is severely prejudiced by the production of these records insofar as defendant is unable to conduct adequate discovery and/or have these reports reviewed by defendant's expert witnesses.

**XIII.**   **Stipulations:**

1.   Defendant WMATA stipulates that its bus operator, Hamilton Plummer, was acting in the course and scope of his employment at the time of the occurrence.

**XIV.**   **Proposed Verdict Form:**

See attached.  The parties have each submitted separate verdict forms as each objects to the other's.


_____/s/_____
Terrell N. Roberts, III,
Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737
Telephone: (301) 699-0764
Facsimile: (301) 699-8706
E-mail:  troberts@robertsandwood.com

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**


/s/ Nicholas S. Nunzio, Jr._____
Nicholas S. Nunzio, Jr. #362578

Assistant General Counsel - WMATA

600 Fifth Street, N.W.

Washington, D.C.  20001

Telephone:  (202) 962-1028

Facsimile: (202) 962-2550

E-mail:  nnunzio@wmata.com

## CERTIFICATE OF SERVICE

I certify that I caused a copy of this statement was served by hand delivery this 18th day of December 2009 to:

Nicholas Nunzio, Esq.

Assistant General Counsel-WMATA

600 Fifth Street, N.W.

Washington, D.C. 20001

_____/s/_____

Terrell N. Roberts, III

31