## LIST OF INSTRUCTIONS

### FUNCTION OF JUDGE AND JURY

1-1     Function of Court
1-2     Function of Jury
1-3     Significance of Party Designations
1-4     Juror's duty to deliberate
1-5     Attitude and Conduct of Jurors
1-6     Instructions to be Considered as a Whole
1-7     Court's commenting on the Evidence
1-8     Court's Questions to Witness
1-9     Jury Not to Take Cue from Judge
1-10    Rulings on Objections
1-11    Equality of litigants - Corporations
1-12    Equality of litigants- Individuals

### WEIGHING THE EVIDENCE

2-1     Evidence in the Case
2-2     Evidence in the Case – Judicial Notice
2-3     Inferences
2-4     Inadmissible and Stricken Evidence
2-5     Statements of counsel
2-6     Jury's recollection controls
2-7     Evidence admitted against a party only
2-8     Burden of proof
2-9     Evidence produced by adversary
2-10    Direct and circumstantial evidence

### EVALUATING THE WITNESSES

3-1     Jury to determine credibility of witnesses
3-2     Number of witnesses
3-3     Expert opinion
3-4     Failure to Produce Stronger Evidence
3-5     Depositions as Evidence
3-8     Impeachment by prior inconsistent statements

### NEGLIGENCE

5-1     Elements of a Negligence Cause of Action
5-2     Negligence Defined
5-3     Relative concept

5-4    Extreme Caution or Exceptional Skill Not Required
5-5    Right to Assume Proper Conduct by Others
5-6    No Comparative Negligence
5-10   Violation of a Statute/Regulation
5-12   Proximate cause defined
5-13   Concurring Causes
5-15   Contributory negligence defined
5-18   Last clear chance

## VICARIOUS LIABILITY

6-2    Vicarious Liability – Basis
6-3    Agency or Scope of employment conceded

## AUTOMOBILE CASES

7-1    Reciprocal duties of motorist and pedestrian
7-2    Motorist duty defined
7-3    Proper lookout- duty to maintain
7-6    Duty of Following Driver – Rear End Collision
7-7    Skidding alone not Evidence of Negligence

## DAMAGE INSTRUCTIONS

12-1   Damages – Jury to Award
12-2   Extent of Damages – Proximate Cause
12-3   Burden of Proof – Speculative Damages

## PERSONAL INJURY DAMAGES

13-1   Damages – Elements
13-2   Permanent Injury absent medical testimony
13-3   Medical treatment – past and present
13-4   Lost earnings – past and present
13-5   Lost earnings – future
13-10  Life Expectancy

Function of the Court (D.C. Std. Civ. Jury Instr. No. 1-1)

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

**Function of the Jury (D.C. Std. Civ. Jury Instr. No. 1-2)**

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

**Significance of Party Designations (D.C. Std. Civ. Jury Instr. No. 1-3)**

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that his evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of his claim against a defendant by a preponderance of the evidence before he is entitled to prevail.

**Juror's Duty to Deliberate (D.C. Std. Civ. Jury Instr. No. 1-4)**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Attitude and Conduct of Jurors (D.C. Std. Civ. Jury Instr. No. 1-5)**

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

**Instructions to be Considered as a Whole (D.C. Std. Civ. Jury Instr. No. 1-6)**

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

**Court's Commenting on the Evidence (D.C. Std. Civ. Jury Instr. No. 1-7)**

The law permits me to comment to you about the evidence in this case. My comments are only my opinions about the facts, and you are not bound by my opinions. If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.

**Court's Questions to Witnesses (D.C. Std. Civ. Jury Instr. No. 1-8)**

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

**Jury Not to Take Cue from Judge (D.C. Std. Civ. Jury Instr. No. 1-9)**

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

**Rulings on Objections (D.C. Std. Civ. Jury Instr. No. 1-10)**

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer--when I ordered it stricken--you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by the any lawyer's objections, no matter how I ruled upon them.

**Equality of Litigants--Corporations (D.C. Std. Civ. Jury Instr. No. 1-11)**

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. A corporation, whether large or small, has the same right to a fair trial as a private individual. All persons, including corporations, stand equal before the law and are to be treated as equals in this court. In other words, the fact that a plaintiff or defendant is a corporation must not affect your decision.

**Equality of Litigants--Individuals (D.C. Std. Civ. Jury Instr. No. 1-12)**

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. All persons stand equal before the law and must be treated as equals in this court.

Evidence in the Case (D.C. Std. Civ. Jury Instr. No. 2-1)

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

Evidence in the Case--Judicial Notice (D.C. Std. Civ. Jury Instr. No. 2-2)

Another type of evidence includes facts of which I take judicial notice. I may take judicial notice of public acts, places, facts and events which I regard as matters of common knowledge. When I take judicial notice of a particular fact, you may regard that fact as included in the evidence and proven.

Inferences (D.C. Std. Civ. Jury Instr. No. 2-3)

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.

Inadmissible and Stricken Evidence (D.C. Std. Civ. Jury Instr. No. 2-4)

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

[Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.]

Statements of Counsel (D.C. Std. Civ. Jury Instr. No. 2-5)

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

Jury's Recollection of Controls (D.C. Std. Civ. Jury Instr. No. 2-6)

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

Evidence Admitted Against One Party Only (D.C. Std. Civ. Jury Instr. No. 2-7)

During this trial, there were instances when I ruled that certain evidence should be admitted against one [or more] of the [plaintiffs] [defendants], but not against the other [others].

I called your attention to these instances at the time when I made the rulings. But I would again urge you to keep in mind the distinctions I pointed out in those rulings, and their effect. It may be difficult for you, when considering the case for or against any one party, to disregard completely evidence that was admitted only against another party. However, regardless of the difficulty, it is your duty to consider only the evidence that has been offered against any specific party.

Burden of Proof (D.C. Std. Civ. Jury Instr. No. 2-8)

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of [his] [her] claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then [the plaintiff has not carried the burden of proof and] your finding on that issue must be for the defendant.

[In this case, the defendant has asserted affirmative defenses [and counterclaims] that [he] [she] must prove by a preponderance of the evidence. When I discuss each of these defenses and counterclaims, I will instruct you on the defendant's burden of proof.]

Evidence Produced by Adversary (D.C. Std. Civ. Jury Instr. No. 2-9)

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors [him] [her] whether [he] [she] produced it or [his] [her] adversary produced it.

Direct and Circumstantial Evidence (D.C. Std. Civ. Jury Instr. No. 2-10)

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

Jury to Determine Credibility of Witnesses (D.C. Std. Civ. Jury Instr. No. 3-1)

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

Number of Witnesses (D.C. Std. Civ. Jury Instr. No. 3-2)

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

Expert Opinion (D.C. Std. Civ. Jury No. 3-3)

You have heard testimony from persons identified as experts. These witnesses are considered experts because their training, skill, experience or education has given them scientific, technical or other specialized knowledge that might assist the jury in understanding the evidence or in determining a fact in issue. Expert witnesses may state an opinion about any matter within their expertise and provide the reasons for the opinion.

Expert testimony should be judged just as any other evidence. You may accept it or reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the expert's credibility and all the other evidence in the case.

[In this case there has been a conflict in the testimony of expert witnesses. As reasonable and intelligent people using your own good judgment, you must resolve that conflict and determine which, if any, of the expert opinions you will accept as accurate. You should consider and weigh the credibility and qualifications of the experts who have testified, the logic of the reasons given in support of their opinions, and other evidence in the case that favors or opposes a given opinion.]

Failure to Produce Stronger Available Evidence (D.C. Std. Civ. Jury Instr. No. 3-4)

If a party to this case failed to produce relevant evidence which was [peculiarly] [particularly] [especially] available to that party, and that party did not sufficiently explain why it was not produced, then you may infer that the evidence would have been unfavorable to that party.

If a party to this case failed to call a witness who could have given relevant testimony, even though the witness was [peculiarly] [particularly] [especially] available to that party, and that party did not sufficiently explain why [he] [she] was not called, then you may infer that the testimony would have been unfavorable to that party.

However, you should not draw such an inference from the absence of [evidence] [a material witness] if [it] [she] [he] was equally available to both parties [, or the evidence or testimony would have been merely cumulative or immaterial].

Depositions as Evidence (D.C. Std. Civ. Jury Instr. No. 3-5)

During the trial of this case, certain testimony has been read to you [or presented by videotape]. You should give to this testimony the same consideration [as to its weight and credibility,] as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you [or presented on videotape].

Missing Witness (D.C. Std. Civ. Jury Instr. No. 3-6)

If a party does not call a witness who could have given relevant testimony on an issue in this case, when that witness was [peculiarly] [particularly] [especially] available to the party, and if the witness's absence has not been sufficiently accounted for or explained, then you are allowed to conclude that the testimony of the witness would have been unfavorable to the party who failed to call the witness.

Impeachment by Prior Inconsistent Statements (D.C. Std. Civ. Jury Instr. No. 3-8)

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with [his] [her] testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony [he][she] gave in court.

If the witness made the prior inconsistent statement [under oath subject to the penalty of perjury] [at a deposition], then you may also treat that prior statement as evidence in this case--that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness [was not under oath subject to the penalty of perjury] [was not at a deposition] when [he] [she] made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

**Elements of a Negligence Cause of Action (D.C. Std. Civ. Jury Instr. No. 5-1)**

The plaintiff alleges that the defendant was negligent and is liable for plaintiff's damages. The plaintiff must prove that the defendant was negligent and that such negligence proximately caused the plaintiff's [injuries] [and] [damages]. The plaintiff must prove both negligence and damages by a preponderance of the evidence. [If the plaintiff makes this proof, then your verdict must be for the plaintiff. If the plaintiff does not make this proof, then your verdict must be for the defendant.]

Negligence Defined (D.C. Std. Civ. Jury Instr. No. 5-2)

Negligence is the failure to exercise ordinary care. To exercise ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances. It is negligent to do something that a person using ordinary care would not do. It is also negligent to fail to do something that a person using ordinary care would do.

**Right to Assume Proper Conduct by Others (D.C. Std. Civ. Jury Instr. No. 5-5)**

A person has the right to assume that others will [obey the law and] exercise reasonable care. A person has the right to assume that others have normal sight, hearing and intelligence, and are exercising ordinary care when using these senses or abilities.

This right does not apply, however, once a person observes, or should reasonably have observed, that the other person(s) either lacks one or more of the normal senses [or abilities], or is not going to [obey the law or] act reasonably.

A person is not justified in ignoring obvious danger even though it is created by another's physical condition or misconduct.

No Comparative Negligence (D.C. Std. Civ. Jury Instr. No. 5-6)

If you find that more than one party to this action was negligent, you must not weigh one person's negligence against another's. You must not compare their negligent conduct to decide which is more excusable or blameworthy, or who is more or less at fault. [You must not try to classify negligence into degrees or grades or kinds.]

The law requires that you follow the court's instructions in determining what is negligence and who is liable.

<u>Violation of Regulation/Statute--Evidence of Negligence (D.C. Std. Civ. Jury Instr. No. 5-10)</u>

At the time the incident under consideration occurred, the following traffic regulations were in effect in the District of Columbia:.

18 DCMR <u>Vehicles and Traffic</u> §2200.4:  "In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street or highway in compliance with legal requirements and the duty of all persons to use due care."

18 DCMR §2204.2 "No person shall turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

18 DCMR §2206.1 "No person shall start a vehicle which is stopped, standing, or parked unless and until the movement can be made with reasonable safety."

18 DCMR §2206.2 "No person shall stop or suddenly decrease the speed of a vehicle with first giving an appropriate signal in the manner provided by this chapter to the driver of any vehicle immediately to the rear when there is an opportunity to give the signal."

18 DCMR <u>Vehicles and Traffic</u> §2213.4:  "An operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle."

These regulations sets forth a standard of conduct. This standard of conduct is evidence of the duty of care required of the operator of a motor vehicle. If you find that the defendant, by its employee, violated any one or more of these regulations, then you may consider that violation as evidence that the defendant was negligent. However, that violation by itself does not necessarily mean that the plaintiff was negligent.

**Proximate Cause Defined (D.C. Std. Civ. Jury Instr. No. 5-12)**

Let me explain proximate cause.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence that the act or failure to act played a substantial part in bringing about the injury or damage. Moreover, it must be shown that the injury or damage was either a direct result or a reasonably probable consequence of the act or failure to act.

**Concurring Causes (D.C. Std. Civ. Jury Instr. No. 5-13)**

There may be more than one proximate cause of an injury. That is, several factors or circumstances, or the negligent acts or omissions of two or more persons, may work at the same time, either independently or together, to cause an injury. Each of the contributing acts or omissions is regarded in law as a proximate cause. This is true regardless of whether one of the participating acts or omissions contributed more than another to causing the injury. Each person whose negligent act or omission is a proximate cause of an injury is liable for the resulting injury.

It is no defense that some other person who is not a defendant in this lawsuit participated in causing the injury, even if it should appear to you that the negligence of the other person was greater than the negligence of the defendant.

Defendant objects to this instruction on the grounds that it does not apply.

<u>**Contributory Negligence Defined (D.C. Std. Civ. Jury Instr. No. 5-15)**</u>

The defendant alleges that the plaintiff was negligent. The defendant is not liable for the plaintiff's injuries if the plaintiff's own negligence is a proximate cause of [his] [her] injuries. The same rules you use to decide negligence apply when you decide whether the plaintiff was negligent.

The defendant must prove, by a preponderance of the evidence, both that the plaintiff was negligent and that such negligence proximately caused the plaintiff's own [injuries] [and] [damages].

If the defendant makes this proof, then your verdict must be for the defendant.

**Last Clear Chance (D.C. Std. Civ. Jury Instr. No. 5-18)**

The law allows the plaintiff to receive damages, even if the plaintiff himself was contributorily negligent, if you find that the following four conditions apply:

1.      The plaintiff was in a position of danger caused by the negligence of both the plaintiff and the defendant;

2.      The plaintiff was unaware of or unable to remove himself from the position of danger;

3.      The defendant knew or, by the exercise of reasonable care, should have known, of the plaintiff's danger and the plaintiff's unawareness of or inability to remove himself from the danger; and

4.      After these circumstances arose, the defendant could have avoided injuring the plaintiff but failed to do so.

If you find that these four conditions were met in this case, you [may] [should] conclude that the defendant is liable to the plaintiff, even though you find that the plaintiff's own prior negligence contributed to [his] [her] being in a position of danger or [his] [her] injury.

Note: Defendant objects to this instruction on the grounds that last clear chance does not apply.

**Vicarious Liability--Basis (D.C. Std. Civ. Jury Instr. No. 6-2)**

**An employer is responsible for the wrongful acts or failures to act of an employee if they were committed in furtherance of the business of the employer.**

Note: Defendant objects to this instruction on the grounds that it is stipulating that actions of the bus operator were committed within the scope of employment.

**Agency or Scope of Employment Conceded (D.C. Std. Civ. Jury Instr. No. 6-3)**

  **In this case, WMATA that the acts or failures to act of the bus operator, Hamilton Plummer,  were committed in furtherance of the business of his employer. Therefore, the employer WMATA is responsible for its employee's negligent acts or failures to act.**

[Modified]
Note: Defendant objects to this instruction on the grounds that it has stipulated the bus operator was acting within the scope of employment.

**Reciprocal Duties of Drivers and Pedestrians--Ordinary Care Defined (D.C. Std. Civ. Jury Instr. No. 7-1)**

The law requires both drivers and pedestrians using a public roadway to use ordinary care. Drivers must use ordinary care to avoid injuring others. Pedestrians must use ordinary care to protect their own safety. To use ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances. A reasonable person changes his or her conduct according to the circumstances and according to the danger he or she knows or should know exists. Therefore, as the danger increases, a reasonable person acts more carefully.

Note: Defendant objects to this instruction as inapplicable.

**Driver's Duty Defined (D.C. Std. Civ. Jury Instr. No. 7-2)**

A driver on a public roadway must use ordinary care at all times to avoid colliding with other persons and to avoid placing himself and others in danger. While a driver may assume that others will use ordinary care and obey the law, the driver may not, for that reason, fail to exercise ordinary care.

**Duty to Maintain Proper Lookout**

When a person is using, or is about to use, a roadway either as a driver or a pedestrian, he has a duty to keep a proper lookout. That means he must reasonably observe traffic and other conditions which confront him to protect himself and others while using the roadway.

A person must always use ordinary care to avoid an accident. The law does not try to regulate in detail what particular observations a person should make or what a person specifically should do for his own safety.

The law does require, however, that a person look effectively. One who looks and does not see what is plainly there to be seen is as negligent as one who never looked at all.

7-3

**Duty of Following Driver--Rear-End Collision (D.C. Std. Civ. Jury Instr. No. 7-6)**

When two vehicles are traveling in the same direction, the driver of the following vehicle generally has the primary duty to avoid a rear end collision. However, a rear end collision by itself does not necessarily mean that the driver of the following vehicle was negligent.

Note: Defendant objects to this instruction as incomplete under Fisher v. Best.

**Skidding Alone Not Evidence of Negligence (D.C. Std. Civ. Jury Instr. No. 7-7)**

The fact that a vehicle skidded before a collision does not necessarily mean that the driver of the skidding vehicle was negligent. To find that the driver of the skidding vehicle was negligent, you must find that some negligent act or failure to act by the driver of the skidding vehicle caused the skid.

Damages--Jury to Award (D.C. Std. Civ. Jury Instr. No. 12-1)

If you find for the plaintiff, then you must award the plaintiff a sum of money which will fairly and reasonably compensate him for all the damage which he experienced which was proximately caused by the defendant.

**Extent of Damages--Proximate Cause (D.C. Std. Civ. Jury Instr. No. 12-2)**

   The plaintiff is entitled to damages that the defendant's negligent or wrongful conduct proximately caused. The defendant is liable only for the damages that his conduct caused. If you find that defendant's conduct caused only part of the plaintiff's damages, then the defendant is liable only for that part.

**Burden of Proof--Speculative Damages**

The burden of proof is upon the plaintiff to establish all elements of his damages by a preponderance of the evidence. The plaintiff must prove his damages with reasonable certainty. You may only award the plaintiff damages for past, present or future harm and expenses that are not speculative. Speculative damages are those that might be possible but are remote or based on guesswork.

The plaintiff does not have to prove his exact damages, however. You may award the plaintiff damages that are based on a just and reasonable estimate derived from relevant evidence. Similarly, the plaintiff does not need to show that there is an absolute certainty that the injury or loss will continue into the future. You may award damages to compensate the plaintiff for injury and losses that probably will continue.

Standard Dist. Col. Pattern 12-3

**Damages--Elements**

If you find in favor of the plaintiff, then you should consider whether [he] [she] is entitled to any damages. You may award damages for any of the following items that you find the defendant's [negligence] proximately caused:

1.    the extent and duration of any physical injuries sustained by the plaintiff;

2.    the effects that any physical injuries have on the overall physical and emotional well-being of the plaintiff;

3.    any physical pain and emotional distress that the plaintiff has suffered in the past;

4.    any physical pain and emotional distress that the plaintiff may suffer in the future;

5.    any disfigurement or deformity suffered by the plaintiff, as well as any humiliation or embarrassment associated with the disfigurement or deformity;

6.    any inconvenience the plaintiff has experienced;

7.    any inconvenience the plaintiff may experience in the future;

8.    any medical expenses incurred by the plaintiff;

9.    any medical expenses that the plaintiff may incur in the future;

10.   any loss of earnings incurred by the plaintiff; and

11.   any loss of earnings or earning capacity that the plaintiff may incur in the future.

Any damages you might award for physical injury or physical sickness may not be taxable. Any damages that you might award for emotional distress and for all other types of harm may be taxable.

DC Standard Jury Instruction 13-1

Note: Defendant objects to this instruction on the grounds that the elements must be appropriate to the evidence in the case.

**Medical Treatment--Past and Present (D.C. Std. Civ. Jury Instr. No. 13-3)**

If you determine that the plaintiff is entitled to a damage award for medical expenses incurred, then you should consider the reasonable value of all medical services given to the plaintiff. These medical services can include examinations, tests, and care by physicians and surgeons, services of nurses and attendants, hospital accommodations and care, ambulance services, medications, and any other services which were actually given and reasonably required for the plaintiff's treatment.

**Lost Earnings--Past and Present (D.C. Std. Civ. Jury Instr. No. 13-4)**

　　　To determine the reasonable value of the time lost by the plaintiff from his work because of the injury, you should consider any evidence of [the plaintiff's actual earnings and the manner in which [he] [she] normally occupied his work time before the injury. You should then determine the amount that the plaintiff was reasonably certain to have earned during the time lost from work because of the injury.

**Lost Earnings--Future (D.C. Std. Civ. Jury Instr. No. 13-5)**

You may award the plaintiff an amount that will reasonably and adequately compensate him for any loss of earnings which he is reasonably certain to suffer in the future. In determining this amount, you are allowed to consider several factors:

(1)     the plaintiff's age, sex, health, physical and/or mental ability and earning capacity before the injury;

(2)     the plaintiff's likely future earnings for the remaining working life, if the injury had not occurred, reduced to present value;

(3)     the plaintiff's decreased earning capacity as a result of the injury;

(4)     the plaintiff's likely future earnings for the remaining working life, taking into account the injury and how long it may affect both earnings and working life, reduced to present value; and

(5)     the effects of inflation when estimating the plaintiff's future earnings.

Note: The defendant objects to this instruction on the grounds that there is no evidence of the loss of future earnings.

**Life Expectancy (D.C. Std. Civ. Jury Instr. No. 13-10)**

According to the Table of Mortality, an African-American male aged 36 has 36.9 years of remaining life expectancy. This statistical life expectancy, however, does not by itself conclusively prove the plaintiff's actual life expectancy. To determine the plaintiff's actual life expectancy, you should consider this life expectancy estimate along with any other evidence relating to the [the plaintiff's] health, habits and activity.