IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN ANTONIO EVANS** | : |
| Plaintiff, | : |
| | : Case No. 1:08-cv-01629-RMC |
| v. | : |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | : |
| Defendant. | : |

### PLAINTIFF'S OPPOSITION TO WMATA'S MOTION IN LIMINE

Plaintiff, John Antonio Evans, by undersigned counsel, oppose the defendant Washington Area Transit Authority's ("WMATA") motion in limine [46].

Plaintiff's opposition rests upon the following grounds:

1.  The opinions of David Stopper as well as other evidence with respect to the digital vide recording on the bus are admissible. Such evidence would prove that the digital video recording equipment, if properly working, would have furnished the following evidence: a) a view ahead of the bus before the accident, and b) the speed of the bus. The failure of the defendant to produce this critical evidence supports an adverse inference that the DVR would have revealed evidence favorable to the plaintiff.

2.  The reports of Stephen Wills, M.D., Estelle Smith, and Richard Lurito cannot be excluded for reasons cited by defendant. Contrary to the defendant's argument, the reports of these witnesses have an adequate factual basis.

                                          /s/
                         Terrell N. Roberts, III, #965061
                         Attorney for Plaintiff
                         6801 Kenilworth Avenue, Suite 202
                         Riverdale, MD 20737
                         (301) 699-0764
                         E-mail:  troberts@robertsandwood.com

## **CERTIFICATE OF SERVICE**

A copy of the foregoing opposition of the plaintiff, John Evans, to the defendant WMATA's motion in limine, together with a memorandum of law and attachments, was mailed this 28th day of December, 2009 to:

                Nicholas S. Nunzio, Jr. #362578
                Assistant General Counsel-WMATA
                600 5th St., N.W.
                Washington, D.C.  20001

                                        /s/
                         Terrell N. Roberts, III

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN ANTONIO EVANS** | : |
| | : |
| Plaintiff, | : |
| | : Case No. 1:08-cv-01629-RMC |
| v. | : |
| | : |
| **WASHINGTON METROPOLITAN** | : |
| **AREA TRANSIT AUTHORITY** | : |
| | : |
| Defendant. | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S OPPOSITION TO THE DEFENDANT WMATA'S MOTIONS IN LIMINE**

Plaintiff, John Antonio Evans, by undersigned counsel, submits the following memorandum in support of his opposition to the defendant Washington Area Transit Authority's ("WMATA") motions in limine [46].

**I.    The Testimony and Evidence with respect to DVR is Properly Admissible to Support an Adverse Inference that the Evidence Which the DVR Would Have Revealed Would Have Been Adverse to the Defendant.**

David Stopper, who is qualified to render opinions on accident reconstruction, can testify as to what information a working digital video recording equipment would yield in this accident. He will testify that a DVR would show the view ahead of the bus. There is evidence from WMATA employees which shows what the DVR cameras would show. Such evidence would have been crucial with respect to the determination whether the bus operator had an opportunity to avoid running over the plaintiff. It would have shown what the bus operator saw, whether the bus came to a stop, slowed down, etc. Also, the footage from the cameras would have been

3

relevant to an assessment of the bus's speed.

WMATA seeks to exclude such evidence. It argues, first, that the evidence is irrelevant because the equipment had stopped working three weeks earlier. But WMATA does not acknowledge that this is a matter of genuine factual dispute. The bus operator, Hamilton Plummer, testified that he checked the equipment on the date of the accident and that the green light was on, indicating that the equipment was working. Further, WMATA did not afford the plaintiff an opportunity to see if the equipment was working. It merely reinstalled the equipment on the bus and essentially taped over. Second, even if the equipment was not working, the evidence permits an inference that WMATA negligently or recklessly failed to preserve evidence by properly maintaining the equipment. Richard Ray, a METRO police officer who is trained to retrieve footage from the DVR, testified that in one out of every three cases the DVR equipment is not working and footage cannot be retrieved. Plaintiff deposed WMATA officials who testified that they were aware of this problem but failed to take adequate measures to correct it. This is sufficient evidence to warrant a "missing evidence" instruction under the law of the District of Columbia. See, Holmes v. Amerex Rent-A-Car, 710 A.2d 846 (DC 1998)(recognizing new tort of negligent or reckless spoliation of evidence).

### II. Defendants Improperly Presume that Dr. Stephen Wills, Estelle Davis, and Richard Lurito Are Based Upon Incomplete Medical Information.

Defendant's in limine motion seeks to exclude the opinions of Dr. Stephen Wills, Estelle Davis and Richard Lurito.

As to Dr. Wills, defendant argues that his original opinions are no longer valid because he has not filed a supplemental report which takes into account plaintiff's intervening medical

treatment since the date he examined him.  In fact, Dr. Wills has filed a supplemental report dated December 17, 2009.  Additionally, although he recommended surgeries which in fact were done, i.e., correction of left leg deformity and reversal of colostomy, he also made other recommendations which remain the same.  He recommended future medications, physician care for pain management, physical therapy and psychological therapy.

As to Estelle Davis, she is a certified rehabilitation counselor.  She reviewed the medical records in preparation for her report which she wrote in February 2009.  She has reviewed the records since that time as well, including Dr. Lamm's records and Dr. Wills' most recent report.  Her opinion concerning plaintiff's loss of earning capacity has not changed.

Defendant argues that the opinion of plaintiff's economist should be jettisoned because it is based upon the outdated opinions of Dr. Wills and Estelle Davis.  Because their opinions are properly admissible, the defendant's argument as to Lurito should be rejected.

/s/
Terrell N. Roberts, III,
Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737
Telephone: (301) 699-0764
Facsimile: (301) 699-8706
E-mail:  troberts@robertsandwood.com