# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN ANTONIO EVANS** | : |
| Plaintiff, | : |
| | : Case No. 1:08-cv-01629-RMC |
| v. | : |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | : |
| Defendant. | : |

## PLAINTIFF'S OPPOSITION TO DEFENDANT WMATA'S SECOND MOTION IN LIMINE

Plaintiff, John Antonio Evans, by undersigned counsel, opposes the defendant Washington Area Transit Authority's ("WMATA") second motion in limine [47].

Plaintiff rests his opposition upon the following grounds:

1. The opinion of Bradley M. Lamm, D.P.M. that the plaintiff will be unable to stand for long periods or perform manual labor has been divulged in sufficient time to prevent prejudice or surprise. Dr. Lamm's opinion does not differ significantly from the defendant's IME doctor, further eliminating any prejudice to the defendant.

2. The proposed exclusion of medical bills is unwarranted. Plaintiff has identified the majority of the medical bills, identifying the provider and amount. He has identified the bills of each hospital and the attending physicians and surgeons. Any failure to identify secondary providers will not result in serious prejudice to the defendant.

/s/
Terrell N. Roberts, III, #965061
Attorney for Plaintiff

6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737
(301) 699-0764
E-mail:  troberts@robertsandwood.com

## CERTIFICATE OF SERVICE

A copy of the foregoing opposition of the plaintiff, John Evans, to defendant WMATA's second motion in limine, together with a memorandum of law and attachments, was mailed this 28th day of December, 2009 to:

Nicholas S. Nunzio, Jr. #362578
Assistant General Counsel-WMATA
600 5th St., N.W.
Washington, D.C.  20001

_____/s/_____
Terrell N. Roberts, III

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN ANTONIO EVANS** | : |
| Plaintiff, | : |
| | : Case No.  1:08-cv-01629-RMC |
| v. | : |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S OPPOSITION TO THE DEFENDANT WMATA'S SECOND MOTIONS IN LIMINE**

Plaintiff, John Antonio Evans, by undersigned counsel, opposes the defendant Washington Area Transit Authority's ("WMATA") second motion in limine and in support submits the following memorandum.

### I. Dr. Lamm's Opinion as to Impairment Is Not Prejudicial to the Defendant Whose Own Doctor Essentially Agrees with Dr. Lamm.

Bradley Lamm, D.P.M., treated plaintiff from February 4, 2009 to October 6, 2009. He is a podiatrist and surgeon who corrected the plaintiff's left foot deformity by means of a Taylor Spatial Frame which was applied in surgery. Plaintiff has furnished all of the Dr. Lamm's records to the defendant. Defendant, however, seeks to exclude Dr. Lamm's opinion with respect to impairment. By report dated December 22, 2009, Dr. Lamm stated that plaintiff cannot stand for long periods of time, that he cannot perform manual labor, and that he will require pain management. (The report is attached.)

Dr. Lamm's opinion on impairment is not marginally different from the defendant's

expert, Dr. Edward G. Magur, who also found that plaintiff will have difficulty standing for long periods and considered "Mr. Evans' prognosis for return to full function very guarded." A copy of Dr. Magur's report is attached. Thus, Defendant has suffered no prejudice.

### II. Plaintiff Produced An Estimate in Advance of the Medical Bills of Dr. Bradley Lamm and Mt. Sinai Hospital; Therefore, No Prejudice Has Been Shown with respect to Such Charges

Defendants asserts that the bill of Bradley Lamm, M.D. was not produced timely and should be excluded. Plaintiff has produced the bill of Dr. Lamm in the amount of $16,261.00. A copy of the bill was recently sent via email to the defendant's counsel in December 2009. Plaintiff did furnish an estimate of physician and hospital charges on February 24, 2009. The estimate at that time was $39,796.30. See attachment #3. Thus, the amount of Dr. Lamm's bill as well as the bill of Sinai Hospital of Baltimore, does not come as a complete surprise to the Defendant. Defendant acknowledges receipt of Dr. Lamm's bills dated February 26, 2009 and March 25, 2009.

### III. Plaintiff's Failure to List All Medical Bills in his Answers to Interrogatories Or Provide Copies of Each Bill Is Not Grounds to Exclude Those Medical Bills Where Plaintiff Has Notified Defendant of His Bills and Has Acted to Provide Copies.

Defendants seek to exclude any bill except ones it has listed on page 5 of its memorandum in support of its motion. In support it has referred to plaintiff's answer to interrogatory No.s 8 and 20. See Exhibit 1 attached to the defendant's first motion in limine. Defendant argues that unless the bill is referred is mentioned in the plaintiff's answers to interrogatories, or it has received a copy of the bill, it should be excluded.

F.R.Civ.P. 26 (3) provides in part:

4

> A party who has made a disclosure under Rule 26 (a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct the disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; ... .

It is not fatal that the plaintiff did not mention a particular bill in his answers to interrogatories if the plaintiff otherwise made the Defendant aware of it in sufficient time for the defendant to utilize the information. In the present case, plaintiff has made known to the defendant all of the medical bills he intends to introduce at trial and the defendant is not prejudiced. Defendant knows that plaintiff suffered a serious injury and that he was treated at three different hospitals and had follow up care thereafter. It knows that the list of medicals bills will be long. It also knows that there may be mistakes in failing to include each and every bill.

Defendant seek to limit the admissible bills to those of Washington Hospital Center- Burn Unit; the Vascular Unit; Accessible Physical Therapy Services; Brajendra Misra, M.D., Sinai Hospital of Baltimore (Bradley Lamm). In its motion, defendant refers to these providers and notes dates, but it does not include the amounts of the bills so that the plaintiff knows which particular bills it is referring to.

However, of the bills plaintiff identified in his answers to interrogatories, the following bills were not mentioned:

| | |
|---|---|
| Prince George's Hospital | $16,640.16 |
| Brajendra Misra, M.D. | $35,375.00 |

| | |
|---|---|
| WHC Physicians | $67,681.00 |
| Accessible Physical Therapy | $6,098.00 |
| Sinai Institute for Advanced Ortho. | $16,261.00 |
| Sinai Hospital of Baltimore | $35,365.24 |

Of these, the bill of Prince George's Hospital relates to the reversal of the colostomy in July 2009. It has been provided. The bill of Dr. Misra is that of the trauma surgeon who treated and operated on the plaintiff in January 2007 and performed the reversal of the colostomy in 2009. It has been provided. Plaintiff avers that he has supplied the remainder of the bills with the exception of WHC Physicians and Sinai Hospital of Baltimore. These bills have been requested and will be supplied. With respect to the unsupplied bills, the defendant has not suffered any prejudice. As previously stated, the defendant was given an estimate of the hospital charges of Sinai Hospital of Baltimore in February 2009. And Defendant has acknowledged receipt of some of the bills from Washington Hospital Center and "Vascular Surgery" of that hospital.

                                                  /s/
Terrell N. Roberts, III,
Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737
Telephone: (301) 699-0764
Facsimile: (301) 699-8706
E-mail: troberts@robertsandwood.com