## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN ANTONIO EVANS,         ) | |
|           ) | |
|        Plaintiff,      ) | |
|           ) | |
|      v.          ) | Civil Action No. 08-1629 (RMC) |
|           ) | |
| WASHINGTON METROPOLITAN    ) | |
| AREA TRANSIT AUTHORITY,     ) | |
|           ) | |
|        Defendant.      ) | |

## JURY INSTRUCTIONS

Jury instructions as given by the Court in the above-captioned case.

Date:   June 17, 2011

ROSEMARY M. COLLYER
United States District Judge

## FINAL INSTRUCTIONS

**General Introduction; Province of the Court and Jury**

Members of the Jury:

Now that you have heard the evidence and the arguments of counsel, it is my duty to give you instructions as to the law applicable to this case as to the question of liability.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Nor are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by me in these instructions, you are governed by my instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. Both parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Function of the Court**

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

**Function of the Jury**

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

**Significance of Party Designations**

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that his evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of his claim against a defendant by a preponderance of the evidence before he is entitled to prevail.

**Juror's Duty to Deliberate**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Attitude and Conduct of Jurors**

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

**Notetaking by Jurors**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use. Do not take your notes home with you or discuss them with other jurors. At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.

**Instructions to be Considered as a Whole**

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

**Court's Commenting on the Evidence**

The law permits me to comment to you about the evidence in this case. My comments are only my opinions about the facts, and you are not bound by my opinions. If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.

**Court's Questions to Witnesses**

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

**Jury Not to Take Cue from Judge**

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

**Rulings on Objections**

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer--when I ordered it stricken--you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by the any lawyer's objections, no matter how I ruled upon them.

**Equality of Litigants–Washington Metropolitan Area Transit Authority ("WMATA")**

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. A governmental entity, such as WMATA, has the same right to a fair trial as a private individual. All persons, including governmental entities, stand equal before the law and are to be treated as equals in this court. In other words, the fact that the defendant is a governmental entity must not affect your decision.

**Evidence in the Case**

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

**Inferences**

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.

**Inadmissible and Stricken Evidence**

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

**Statements of Counsel**

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

**Jury's Recollection of Controls**

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

**Burden of Proof**

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

In this case, the defendant has asserted the defense of contributory negligence, which it must prove by a preponderance of the evidence. When I discuss this defense, I will instruct you on the defendant's burden of proof.

**Evidence Produced by Adversary**

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary party produced it.

**Direct and Circumstantial Evidence**

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

**Jury to Determine Credibility of Witnesses**

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

**Number of Witnesses**

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

**Expert Opinion**

You have heard testimony from Messrs. David Stopper and David Plant, persons identified as experts. These witnesses are considered experts because their training, skill, experience or education has given them scientific, technical or other specialized knowledge that might assist the jury in understanding the evidence or in determining a fact in issue. Expert witnesses may state an opinion about any matter within their expertise and provide the reasons for the opinion.

Expert testimony should be judged just as any other evidence. You may accept it or reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the expert's credibility and all the other evidence in the case.

In this case there has been a conflict in the testimony of expert witnesses. As reasonable and intelligent people using your own good judgment, you must resolve that conflict and determine which, if any, of the expert opinions you will accept as accurate. You should consider and weigh the credibility and qualifications of the experts who have testified, the logic of the reasons given in support of their opinions, and other evidence in the case that favors or opposes a given opinion.

**Depositions as Evidence**

During the trial of this case, certain testimony has been read to you or presented by videotape. You should give to this testimony the same consideration as to its weight and credibility, as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you or presented on videotape.

**Impeachment by Prior Inconsistent Statements**

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court.

If the witness made the prior inconsistent statement under oath subject to the penalty of perjury at a deposition, then you may also treat that prior statement as evidence in this case--that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not under oath subject to the penalty of perjury or was not at a deposition when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

**Adopting Prior Inconsistent Statements**

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

**Charts and Summaries**

The lawyers and witnesses have shown to you various charts and summaries to help explain the facts. The facts in these charts and summaries come from books, records, and other documents which are in evidence in the case. The charts or summaries themselves, however, are not evidence or proof of any facts. If any chart or summary does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary.

In other words, the charts or summaries are used only as a convenience; you should disregard entirely any chart or summary that does not state the truth based on the evidence.

**Elements of a Negligence Cause of Action**

Plaintiff alleges that the defendant was negligent and is liable for plaintiff's damages. The plaintiff must prove that the defendant was negligent and that such negligence proximately caused the plaintiff's injuries and damages.  Ordinarily the plaintiff must prove both negligence and damages by a preponderance of the evidence.

In this case, I have bifurcated the issues of liability and damages.  The case presented to you deals solely with liability, which means that the plaintiff must prove that Defendant's negligence proximately caused the accident.  The jury is not to consider the nature, amount and or extent of plaintiff's injuries and damages when deciding the case.

**Negligence Defined**

Negligence is the failure to exercise ordinary care. To exercise ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances. It is negligent to do something that a person using ordinary care would not do. It is also negligent to fail to do something that a person using ordinary care would do.

**Relative Concept**

Negligence is a relative concept. A reasonable person changes his conduct according to the circumstances or according to the danger that he knows, or should know, exists. Therefore, as the danger increases, a reasonable person acts in accordance with those circumstances. Similarly, as the danger increases, a reasonable person acts more carefully.

**Extreme Caution or Exceptional Skill Not Required**

You will hear the term "ordinary care." To exercise ordinary care, a person does not have to act with extreme caution or exceptional skill. While we admire and encourage persons to exercise exceptional skill or caution, the law does not require it as a general standard of conduct.

There is only one standard of ordinary care. If a person has specialized skill or knowledge in the field of operating a commercial vehicle, that person is held to the same standard as others having that specialized skill or knowledge in the same field.

**Right to Assume Proper Conduct by Others**

A person has the right to assume that others will obey the law and exercise reasonable care. A person has the right to assume that others have normal sight, hearing and intelligence, and are exercising ordinary care when using these senses or abilities.

This right does not apply, however, once a person observes, or should reasonably have observed, that the other person either lacks one or more of the normal senses or abilities, or is not going to obey the law or act reasonably.

A person is not justified in ignoring obvious danger even though it is created by another's physical condition or misconduct.

**No Comparative Negligence**

If you find that more than one party to this action was negligent, you must not weigh one person's negligence against another's. You must not compare their negligent conduct to decide which is more excusable or blameworthy, or who is more or less at fault. You must not try to classify negligence into degrees or grades or kinds.

The law requires that you follow the court's instructions in determining what is negligence and who is liable.

**Violation of Regulation/Statute--Evidence of Negligence**

At the time the incident under consideration occurred, the following traffic regulations

were in effect in the District of Columbia:.

18 DCMR Vehicles and Traffic §2200.3: "No person shall drive a vehicle on a street or

highway at a speed greater than is reasonable and prudent under the conditions and

having regard to the actual and potential hazards then existing."

18 DCMR §2200.4:  "In every event speed shall be so controlled as may be necessary to

avoid colliding with any person, vehicle, or other conveyance on or entering the street or

highway in compliance with legal requirements and the duty of all persons to use due

care."

18 DCMR §2200.5: "The driver of every vehicle shall, consistent with the requirements

of this section, drive at an appropriate reduced speed when approaching and crossing an

intersection or railway grade crossing; when approaching and going around a curve; when

approaching a hill crest; when traveling upon any narrow or winding roadway; and when

special hazards exists with respect to pedestrians or other traffic, or by reason of weather

or highway conditions."

18 DCMR §2201.6: "Whenever any roadway is divided into two (2) or more clearly

marked lanes for traffic, the following rules, in addition to all other rules consistent with

this subtitle shall apply: (a) A vehicle shall be driven as nearly as practicable entirely

within a single lane and shall not be moved from that lane until the driver has first

ascertained that such movement can be made with safety."

18 DCMR §2201.9: "The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the roadway."

18 DCMR §2204.2 "No person shall turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

18 DCMR §2206.1 "No person shall start a vehicle which is stopped, standing, or parked unless and until the movement can be made with reasonable safety."

18 DCMR §2206.2 "No person shall stop or suddenly decrease the speed of a vehicle with first giving an appropriate signal in the manner provided by this chapter to the driver of any vehicle immediately to the rear when there is an opportunity to give the signal."

18 DCMR §2213.4:  "An operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle."

These regulations set forth a standard of conduct. This standard of conduct is evidence of the duty of care required of the operator of a motor vehicle. If you find that the plaintiff or defendant, by its employee, violated any one or more of these regulations, then you may consider that violation as evidence that the plaintiff or defendant was negligent. However, that violation by itself does not necessarily mean that the plaintiff or defendant was negligent.

**Contributory Negligence Defined**

The defendant alleges that the plaintiff was negligent. The defendant is not liable for the plaintiff's injuries if the plaintiff's own negligence is the proximate cause of his injuries. The same rules you use to decide negligence apply when you decide whether the plaintiff was negligent. The defendant alleges that the plaintiff was contributorily negligent.

The defendant must prove, by a preponderance of the evidence, both that the plaintiff was negligent and that such negligence proximately caused the plaintiff's own injuries. If the defendant makes this proof, then your verdict must be for the defendant.

**Proximate Cause Defined**

Let me explain proximate cause.

An accident (because the issues of liability and damages have been bifurcated) is proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence that the act or failure to act played a substantial part in bringing about the accident. Moreover, it must be shown that the accident was either a direct result or a reasonably probable consequence of the act or failure to act.

**Concurring Causes**

There may be more than one proximate cause of an injury. That is, several factors or circumstances, or the negligent acts or omissions of two or more persons, may work at the same time, either independently or together, to cause an accident. Each of the contributing acts or omissions is regarded in law as a proximate cause. This is true regardless of whether one of the participating acts or omissions contributed more than another to causing the injury. Each person whose negligent act or omission is a proximate cause of an accident is liable for the resulting injury.

It is no defense that some other person who is not a defendant in this lawsuit participated in causing the accident, even if it should appear to you that the negligence of the other person was greater than the negligence of the defendant.

**Last Clear Chance**

The law allows the plaintiff to receive damages, even if the plaintiff himself was contributorily negligent, if you find that the following four conditions apply:

1.     The plaintiff was in a position of danger caused by the negligence of both the plaintiff and the defendant;

2.     The plaintiff was unaware of or unable to remove himself from the position of danger;

3.     The defendant knew or, by the exercise of reasonable care, should have known, of the plaintiff's danger and the plaintiff's unawareness of or inability to remove himself from the danger; and

4.     That the defendant had sufficient time and opportunity, by the exercise of reasonable care, to avoid striking the plaintiff, and the defendant failed to do so.

If you find that these four conditions were met in this case, you should conclude that the defendant is liable to the plaintiff, even though you find that the plaintiff's own prior negligence contributed to his being in a position of danger or his injury.

**Fact of Accident Alone**

The mere happening of an accident does not mean that any party to this action was negligent. On the contrary, the law presumes that all parties exercised reasonable care until proven otherwise. The burden of proof is upon the party alleging negligence to overcome this presumption of reasonable care by proving by a preponderance of the evidence that the negligence was the proximate cause of the accident.

**Statutory Liability**

By express provision of the D.C. Code, the exclusive remedy for a plaintiff allegedly injured by an accident with a WMATA bus is by a lawsuit against Defendant WMATA only, and not against its employee Hamilton Plummer.  Therefore, WMATA would be liable for its employee's wrongful acts or failures to act, if any.

**Driver's Duty Defined**

A driver on a public roadway must use ordinary care at all times to avoid colliding with other persons and to avoid placing himself and others in danger. While a driver may assume that others will use ordinary care and obey the law, the driver may not, for that reason, fail to exercise ordinary care.

**Duty to Maintain Proper Lookout**

When a person is using, or is about to use, a roadway either as a driver or a pedestrian, he has a duty to keep a proper lookout. That means he must reasonably observe traffic and other conditions which confront him to protect himself and others while using the roadway.

A person must always use ordinary care to avoid an accident. The law does not try to regulate in detail what particular observations a person should make or what a person specifically should do for his own safety.

The law does require, however, that a person look effectively. One who looks and does not see what is plainly there to be seen is as negligent as one who never looked at all.

**Duty of Following Driver--Rear-End Collision**

When two vehicles are traveling in the same direction, the driver of the following vehicle generally has the primary duty to avoid a rear end collision. A rear end collision by itself does not necessarily mean that the driver of the following vehicle was negligent. However, in the absence of an emergency or unusual conditions, the following driver is negligent if he collides with the forward vehicle. Where a lawfully stopped vehicle is struck by another car from the rear, there is a presumption that the approaching vehicle was negligently operated.

**Skidding Alone Not Evidence of Negligence**

The fact that a vehicle skidded before a collision does not necessarily mean that the driver of the skidding vehicle was negligent. To find that the driver of the skidding vehicle was negligent, you must find that some negligent act or failure to act by the driver of the skidding vehicle caused the skid.

**Unanimous Verdict Required; Duty to Deliberate**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

**Election of Foreperson; Special Verdict Form**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A special verdict form has been prepared for your convenience. You will take this form to the jury room. You will note that the verdict form contains several questions. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided at the end of each question. As you will note from the instructions in the verdict form, depending on how you answer a question, it may or may not be necessary to answer the next question. Follow the instructions provided. The foreperson will then date and sign the special verdict form as so completed; and you will then return with it to the courtroom.

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary to communicate with me, you may send a note by a marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will not communicate with any member of the jury on any subject touching the merits of this case other than in writing, or orally here in open court.

Bear in mind also that you are never to reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JOHN ANTONIO EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 08-1629 (RMC)** |
| | ) | |
| **WASHINGTON METROPOLITAN** | ) | |
| **AREA TRANSIT AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERDICT FORM

1.     **Do you find that plaintiff John Antonio Evans has proven by a preponderance of the evidence that the defendant WMATA was negligent and such negligence proximately caused the plaintiff's injuries?**

Yes ___  No ___

(If your answer to Question 1 is "No," your deliberations are completed.  Please have your foreperson sign this Verdict Form at the bottom of the last page.  If your answer to Question 1 is "Yes," please answer Question 2.)

2.     **Do you find that defendant WMATA has proven by a preponderance of the evidence that plaintiff John Antonio Evans was contributorily negligent?**

Yes ___  No ___

(If your answer to Question 2 is "Yes," please answer Question 3 a-d.  If your answer to Question 2 is "No," your deliberations are completed.  Please have your foreperson sign this Verdict Form at the bottom of the last page.)

3.     **Do you find that the plaintiff John Antonio Evans has proven by a**

preponderance of the evidence each of the following:

    a.    **That he was in a position of danger caused by the negligence of both himself and the defendant?**

          **Yes \_\_\_  No \_\_\_**

    b.    **That he was unaware of the danger or unable to remove himself from the position of danger?**

          **Yes \_\_\_  No \_\_\_**

    c.    **That the defendant was aware, or by the exercise of reasonable care should have been aware of plaintiff's danger and obliviousness or inability to extricate himself from danger?**

          **Yes \_\_\_  No \_\_\_**

    d.    **That the defendant had sufficient time and opportunity, by the exercise of reasonable care, to avoid striking the plaintiff, and the defendant failed to do so?**

          **Yes \_\_\_  No \_\_\_**

(If one or more of your answers to Question 3 a-d is or are "No," your deliberations are completed.  Please have your foreperson sign this Verdict Form at the bottom of the last page.  If all your answers to Question 3 a-d are "Yes," your deliberations are completed.  Please have your foreperson sign this Verdict Form at the bottom of the last page.)

**Date: _____**          _____

                                        **FOREPERSON**

2